```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
United States of America            :
                                    :    16-cr-567-1 (JSR)
        -v-                         :
                                    :    ORDER
Kevin Walker,                       :
                                    :
                                    :
        Defendant.                  :
                                    :
-----------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is a pro se letter from Defendant Kevin Walker, requesting an extension of time to file a motion under 28 U.S.C. § 2255. Mr. Walker explains that it is difficult to perform legal research given lockdown conditions at his facility during the present pandemic. Mr. Walker appears to believe that his time to file a § 2255 motion will soon expire. If so, Mr. Walker misunderstands the deadline. Under 28 U.S.C. § 2255(f)(1), the one-year clock does not begin to run until, at the earliest, "the date on which the judgment of conviction becomes final."

Here, the judgment of conviction became final on January 4, 2020, so Mr. Walker's deadline to file a § 2255 motion is no earlier than January 4, 2021. As the Supreme Court explained in Clay v. United States, 537 U.S. 522, 525 (2003), "[f]or the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the

1

time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." The Second Circuit affirmed this Court's judgment and conviction by summary order and judgment dated October 4, 2019. Under Supreme Court Rule 13, the period for filing a petition for a writ of certiorari expired "90 days after entry of the judgment" of the Second Circuit, i.e., January 4, 2020.[1] Accordingly, Mr. White's deadline under 28 U.S.C. § 2255(f)(1) is January 4, 2021.

Because Mr. White still has more than 5 months to prepare his motion, his request for an extension of time is denied as moot.

SO ORDERED.

Dated:  New York, NY
        July 29, 2020

                                        JED S. RAKOFF, U.S.D.J.

---

[1] Because the date 90 days after the entry of the judgment was a Saturday, the deadline was extended to Monday, January 4, by Supreme Court Rule 30.