```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :   16-cr-567-1 (JSR)
        -v-                          :
                                     :   MEMORANDUM ORDER
KEVIN WALKER,                        :
                                     :
        Defendant.                   :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is Kevin Walker's pro se letter, ECF No. 252, requesting an extension of time to file a motion under 28 U.S.C. § 2255. Walker writes that preparing a § 2255 motion during the pandemic is difficult; because of lockdown conditions designed to limit the spread of the coronavirus, Walker may use the law library and computers only rarely and for a very short time.

Walker mailed a similar letter to the Court in July. Pro Se Letter to Chambers from Kevin Walker, ECF No. 248 (dated July 6, 2020; docketed July 29, 2020). The Court denied Walker's request, finding that it was premature because Walker still had more than five months to file a § 2255 motion. Walker now renews his request, which is no longer premature.

Pro se litigants are at a steep disadvantage. See James G. Mandilk, Attorney for the Day: Measuring the Efficacy of In-Court Limited-Scope Representation, 127 YALE L.J. 1828, 1828 (finding that even "limited-scope clients" for whom law students argue just one

1

motion "receive significantly better outcomes than those without counsel"). To be sure, pro se litigants occasionally trigger landmark rulings, see, e.g., Gideon v. Wainwright, 372 U.S. 335 (1963); Miranda v. Arizona, 384 U.S. 436 (1966), but these are the exceptions that prove the rule. By and large, prisoners cannot adequately represent themselves without, at least, access to a law library, legal database, or the like. Because Walker's access to the law library is now quite limited, the Court grants his request for an extension of time to file a § 2255 motion.

The Court also considers, sua sponte, the timeliness of Walker's letter. The letter is dated December 18, 2020, suggesting that Walker mailed it with time to spare before his deadline to file a § 2255 motion, January 4, 2021. However, the letter was not received in Chambers until January 6, 2021. The letter might nevertheless be timely; it may have arrived at the courthouse a couple of days before it arrived in Chambers. Under present pandemic circumstances, mail delivery -- both within the prison system and within the courthouse itself -- is delayed.

The Court need not inquire further into the issue, however, because the Court has inherent equitable power to toll the deadline to file a § 2255 motion. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) ("The one year deadline the AEDPA imposed on the filing of section 2255 petitions . . . established a statute of limitations and is not a jurisdictional bar."). In that respect,

the Court finds that mail delays during the pandemic present a "rare and exceptional circumstance" and that Walker "acted with reasonable diligence," see id.  Therefore, the Court may, and does, equitably toll Walker's prior deadline for two days, from January 4, 2021 to January 6, 2021.

For the foregoing reasons, the Court deems Walker's request for an extension of time to file a motion under 28 U.S.C. § 2255 to be timely and grants his request.  Walker may file a § 2255 motion by no later than May 4, 2021.  If the lockdown conditions at USP Canaan continue to substantially limit Walker's law library access, then Walker should request a further extension of time by no later than May 4, 2021.

SO ORDERED.

Dated:   New York, NY
         January 13, 2021

_____
United States District Judge

3