```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      -v-<br><br>KEVIN WALKER,<br><br>          Defendant. | 16-cr-567 (JSR)<br><br><u>ORDER</u> |

JED S. RAKOFF, U.S.D.J.

Mr. Kevin Walker was sentenced to 240 months' imprisonment on August 14, 2018. At the time, he was ordered to pay restitution in the amount of $13,951, jointly and severally with his four co-defendants. At a separate proceeding for a different conviction, Mr. Walker was sentenced to 240 months' imprisonment and ordered to pay joint and several restitution totaling $1,672.

In a letter dated July 30, 2025, Mr. Walker submitted a motion to this Court alleging an error in his restitution calculation. The background, as relevant here, is that Mr. Walker was a member of a class that prevailed in a lawsuit against the government stemming from a power outage at one of his pretrial detention facilities. The government then offset the defendant's restitution by $8,750, the entire amount of the defendant's settlement proceeds.

Mr. Walker's motion suggests that this "offset" was calculated improperly. He explains that he owed only $3,347 in restitution ($2,790 in this case, and $557 from the other proceeding). Mot. at 4. Therefore, Mr. Walker argues that there should have been a net

1

remainder after the settlement proceed was applied to the restitution owed. But this argument mischaracterizes joint and several liability. When liability is joint and several, the adversarial party has full discretion to apportion the damages, with each person being individually liable for the full amount of damages. United States v. Yalincak, 30 F.4th 115, 122-23 (2d Cir. 2022). Thus, Mr. Walker is responsible for the entirety of the restitution, and his settlement could properly be used to offset the outstanding obligation.

Mr. Walker also argues that no money should have been taken yet because his restitution was deferred until 60 days after his release from prison. Mot. at 4-5. But the Treasury Offset Program permits the government to offset restitution using a settlement obtained from a Federal Tort Claims Act lawsuit. See, e.g., United States v. Pestone, 2023 WL 3241220, at *3 (S.D.N.Y. May 3, 2023). And a payment schedule in a judgment does not preclude the government from enforcing its rights to recover property from a defendant. 18 U.S.C. § 3613.

Accordingly, Mr. Walker's motion is denied.

SO ORDERED.

Dated: New York, NY
September 9, 2025

_____
JED S. RAKOFF, U.S.D.J.