UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -v-

KEVIN WALKER,

          Defendant.

16-cr-567-1 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On September 9, 2025, the Court denied defendant Kevin Walker's motion challenging an alleged error in his restitution calculation. See ECF No. 277. The Court explained that Mr. Walker had mischaracterized the nature of joint and several liability and that he was responsible, jointly and severally with his four co-defendants, for the full $13,951 in restitution. Id. at 2. The Court also concluded that the Treasury Offset Program permits restitution to be collected immediately from settlements arising out of Federal Tort Claims Act lawsuits. Id.

Mr. Walker moved for reconsideration on November 13, 2025. See ECF No. 279. The Government responded by email on January 9, 2026. See ECF No. 280. In his motion, Mr. Walker again argues that the Government's offset of his settlement proceeds violated the Court's payment schedule, which deferred restitution payments until sixty days after his release from custody. See ECF No. 279 at 11-12.

1

The Court has already rejected that argument. ECF No. 277. As previously explained, the Treasury Offset Program authorizes the Government to offset restitution immediately using proceedings from a Federal Tort Claims Act settlement. See, e.g., United States v. Pestone, 2023 WL 3241220, at *3 (S.D.N.Y. May 3, 2023). This authority flows from 18 U.S.C. § 3613, which provides that a restitution order creates a lien in favor of the Government "[n]otwithstanding any other federal law." That language reflects a clear congressional intent for Section 3613 to supersede other statutory provisions, including 18 U.S.C. § 3572(d), which permits courts to authorize installment payments. United States v. Lumiere, 2021 WL 4710778, at *1 (S.D.N.Y Oct. 7, 2021).

Mr. Walker's motion therefore fails at the outset. There is a strong presumption against revisiting prior orders, Bergerson v. N.Y. State Off. Of Mental Health, 652 F.3d 277, 288 (2d Cir. 2011), and reconsideration is warranted only where the Court has a "clear conviction of error with respect to a point of law on which its previous decision was predicated," Green v. Beer, 2009 WL 3401256, at *2 (S.D.N.Y. Oct. 22, 2009) (quoting Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981)). Yet Mr. Walker's motion for reconsideration merely reasserts arguments the Court has already considered and rejected and identifies no intervening change in law, new evidence, or clear error that would warrant reconsideration.

2

In any event, 18 U.S.C. § 3664(n) provides that when a person obligated to pay restitution receives "substantial resources" during a period of incarceration, that person must apply the value of those resources to any restitution still owed. Courts have held that amounts as low as $900 may qualify as "substantial" within the meaning of the statute. See United States v. Moryan, 767 F. Supp. 3d 1, 4-5 (E.D.N.Y. 2025). Mr. Walker's settlement award of $8,750 easily meets that threshold.

Accordingly, the Court finds that multiple independent grounds support denial of Mr. Walker's motion for reconsideration.

SO ORDERED.

Dated: New York, NY
January 14, 2026

JED S. RAKOFF, U.S.D.J.

3